# EXHIBIT A

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

DONALD BRIDGEWATER,                    )
                                       )
      Plaintiff,                    )   Case No. 2016-CV15686
v.                                     )
                                       )
WAL-MART STORES EAST I, LP,            )   Div. 12
                                       )
and                                    )
                                       )
JOSH WILLIAMS                          )
                                       )
      Defendant.                    )

## DEFENDANT JOSH WILLIAMS' NOTICE OF FILING NOTICE OF REMOVAL

      I hereby certify that a copy of the Notice of Removal in the above-styled action has been filed in the United States District court of the Western District of Missouri, on this 10th day of September 2020.

      A copy of the Notice of Removal is attached hereto as Exhibit 1.

                  Respectfully submitted,

                  BAKER STERCHI COWDEN & RICE LLC

                  */s James R. Jarrow*
                  James R. Jarrow         MO# 38686
                  2400 Pershing Road, Suite 500
                  Kansas City, MO 64108
                  Telephone 816.471.2121
                  Facsimile  816.472.0288
                  Email:     jarrow@bscr-law.com

                  ATTORNEY FOR DEFENDANT
                  JOSH WILLIAMS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of September, 2020 a copy of the foregoing was electronically filed with the Clerk of the Court using the Court's electronic filing system, which will send electronic notification of filing to all counsel of record, and U.S. Mail to:

Rick W. DeVault, Esq.
The Devalut Law Firm, LC
3720 N.E. Troon Dr., Ste 100
Lee's Summit, MO 64064
rick@devaultlaw.com
ATTORNEY FOR PLAINTIFF

*/s/ James R. Jarrow*

Electronically Filed - Jackson - Independence - July 28, 2020 - 02:17 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | |
|---|---|
| DONALD BRIDGEWATER,        ) | |
|     6339 Bellefontaine       ) | |
|     KC, MO 64132       ) | |
|        ) | |
|       Plaintiff,       ) | |
|        ) | Case No. |
| vs.       ) | |
|        ) | Div. |
| WALMART STORES EAST I, LP     ) | |
|     <u>Serve Registered Agent</u>:     ) | |
|     CT Corporation System     ) | |
|     120 South Central Avenue     ) | |
|     Clayton MO 63105     ) | |
|        ) | |
| and       ) | |
|        ) | |
| JOSH WILLIAMS,       ) | |
|     <u>Serve at Place of Employment</u>:     ) | |
|     Walmart Store #319     ) | |
|     2015 W. Foxwood Dr.     ) | |
|     Raymore, MO 64083     ) | |
|        ) | |
|       Defendants.     ) | |

**<u>PETITION FOR DAMAGES</u>**

**COMES NOW** Plaintiff and states as follows for his Petition for Damages against

Defendant:

**<u>COMMON ALLEGATIONS</u>**

1.  Plaintiff is an individual and was at all times relevant over the age of eighteen and a

resident of Jackson County, Missouri.

2.  Defendant Walmart Stores East I, LP ("Walmart") is a foreign limited partnership

registered to do business in Missouri and conducting business throughout Jackson County,

Missouri.

3.  Defendant Josh Williams is a Missouri resident. At all times referenced herein, Defendant Williams was performing services on behalf of Defendant Walmart and at the time of the events set forth herein was acting in the course and scope of his employment with Defendant Walmart.

4.  Defendant Walmart is jointly and severally responsible for Defendant Williams's conduct under principles of agency, vicarious liability and respondeat superior.

5.  Upon information and belief, at all relevant times mentioned herein, Defendant Walmart's agents and/or employees were acting within the scope and course of their employment with Defendant Walmart.

6.  The incident causing Plaintiff's damages occurred on or about August 1, 2017, on premises owned by Defendant Walmart and/or controlled by Defendants Walmart and Williams at 11601 E US Highway 40, Kansas City, MO 64133 (the "Premises").

7.  On August 1, 2017, Plaintiff was present on the Premises as a patron of Defendant Walmart and, thus, an invitee at the time of the incident causing his injuries.

8.  On this date, the Premises had an untended spill of liquid (the "Spill") in the public walking area.

9.  Plaintiff stepped in the liquid and fell (the "Incident"), causing or contributing to cause injury to his right thumb, right elbow, right ankle, and spine.

10. As a direct and proximate result of the aforementioned injuries, Plaintiff suffered from and will permanently suffer:

    a.  Physical, mental and emotional pain, disability, anguish and suffering;

    b.  Loss of enjoyment of life;

    c.  He has been required to undergo multiple reasonable and necessary medical treatments;

d.  He has been required to expend monies for medical treatment, care and monitoring;

e.  He will in the future be required to undergo reasonable and necessary medical treatment;

f.  He will in the future be required to expend monies for medical treatment, care and monitoring; and

g.  Increased risk of future medical treatment and expense, complications, disability and other consequences.

11. This Court has personal jurisdiction over the parties because the claims herein arise out of the commission of a tort in the State of Missouri.

12. Venue in the Circuit Court of Jackson County is proper in that the incident occurred and Plaintiff was first injured in Jackson County, Missouri.

## COUNT I – PREMISES LIABILITY

13. Plaintiff incorporates by reference the allegations set forth above as if fully set out herein.

14. At the time of the Incident, the Spill on the Premises rendered the walk area slick and insufficiently slip resistant causing a dangerous condition, as a result the Premises was not reasonably safe for the public.

15. Defendants knew or by using ordinary care could have known of the dangerous condition of the Spill in time to remedy and or warn of such dangerous condition.

16. Defendant failed to use ordinary care in the following respects:

a.  Defendant failed to remove the dangerous condition;

b.  Defendant failed to fix and/or remedy the dangerous condition;

c.  Defendant failed to warn patrons of the dangerous condition;

d.  Defendant failed to mark or barricade the dangerous condition; and

3

e. Defendant failed to use ordinary care to inspect and/or remove the dangerous condition and/or barricade the dangerous condition.

17. Such failure by Defendants directly caused or directedly contributed to cause Plaintiff's injuries as described in the Common Allegations of this Petition.

**WHEREFORE,** Plaintiff seeks judgment in Plaintiff's favor and against Defendant for compensatory damages in an amount greater than $25,000.00 that will fully and fairly address Plaintiff's injuries and damages, and for interest and costs, and such other and further relief as this Court and jury deem just and proper.

## COUNT II – NEGLIGENCE

18. Plaintiff incorporates by reference the allegations set forth above as if fully set out herein.

19. Defendants undertook to render services to inspect and make safe the Premises that Defendants should have recognized were necessary for the safety and protection of Plaintiff and other individuals.

20. Defendants had a duty to protect Plaintiff and other individuals from foreseeable risks such as the risk posed by the dangerous condition.

21. Defendants failed to exercise reasonable care and thereby increased the risk of harm to Plaintiff in the following particulars:

a. Defendants failed to prevent the walking surface of the Premises from becoming slick and insufficiently slip resistant;

b. Defendants failed to have adequate policies and procedures in place to prevent the walking surface of the Premises from becoming slick and insufficiently slip resistant;

    c.  Defendants failed to properly supervise Walmart employees or persons acting on Walmart's behalf to ensure the walking surface of the Premises area was not slick and insufficiently slip resistant;

    d.  Defendants failed to properly inspect to ensure the walking surface of the Premises was free of spills; and

    e.  Defendants failed to fulfill their duties to the public and to Plaintiff in other particulars as shall be identified through discovery in this matter.

22. Defendants breached their duty to exercise reasonable care to secure the safety of Plaintiff through Defendants' acts and omissions set forth above.

23. Defendants' breach of their duties directly caused or directedly contributed to cause Plaintiff's injuries as described in the Common Allegations of this Petition.

**WHEREFORE,** Plaintiff seeks judgment in Plaintiff's favor and against Defendants for compensatory damages in an amount greater than $25,000.00 that will fully and fairly address Plaintiff's injuries and damages, and for interest and costs, and such other and further relief as this Court and jury deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby requests a jury in this case for all issues triable by a jury.

Respectfully submitted,

**DEVAULT LAW, L.C.**

By: */s/ Rick W. DeVault*
Rick W. DeVault, MO #65874
3720 NE Troon Dr., Suite 100
Lee's Summit, MO 64064
(816) 350-1600
(816) 350-1602 (fax)
Rick@DeVaultLaw.com

Electronically Filed - Jackson - Independence - July 28, 2020 - 02:17 PM

**ATTORNEY FOR PLAINTIFF**

Electronically Filed - Jackson - Independence - July 28, 2020 - 02:17 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| DONALD BRIDGEWATER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | Div. |
| WALMART STORES EAST I, LP | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOSH WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiffs, by and through their attorney of record, and for their Motion for Approval/Appoint of Private Process Server, requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Jamie Andrews PPS20-0009 | Norman Diggs PPS20-0032 | Gerald Hissam PPS20-0055 |
| Sallie Bailey PPS20-0663 | Edwina Ditmore PPS20-0033 | William Hockersmith PPS20-0056 |
| Caleb Battreal PPS20-0010 | Marrissa Doan PPS20-0034 | Alex Holland PPS20-0057 |
| Bernard Beletsky PPS20-0011 | Paul Donovan PPS20-0618 | Thomas Honton PPS20-0623 |
| Carrington Bell PPS20-0012 | Shawn Edwards PPS20-0035 | Mary Hurley PPS20-0058 |
| Thomas Bogue PPS20-0013 | Tonya Elkins PPS20-0036 | Betty Johnson PPS20-0059 |
| Brent Bohnhoff PPS20-0014 | William Ferrell PPS20-0037 | Edward Johnson PPS20-0060 |
| Arthur Boyer PPS20-0015 | Robert Finley PPS20-0335 | James Johnson PPS20-0061 |
| Scott Brady PPS20-0016 | James Frago PPS20-0038 | Etoya Jones PPS20-0062 |
| Gary Brakemeyer PPS20-0017 | John Frago PPS20-0039 | Patrick Jones PPS20-0063 |
| James Bromeier PPS20-0615 | Kenneth Frechette II PPS20-0040 | Thomas Kaltmayer PPS20-0627 |
| Jeff Brown PPS20-0018 | Andrew Garza PPS20-0041 | Derec Kelley PPS20-0064 |
| Hester Bryant PPS20-0019 | Paul Glickert PPS20-0620 | Brent Kirkhart PPS20-0065 |
| Nicholas Bull PPS20-0020 | Bradley Gordon PPS20-0042 | Janice Kirkhart PPS20-0066 |
| Randy Burrow PPS20-0021 | Thomas Gorgen PPS20-0043 | Tyler Kirkhart PPS20-0067 |
| Gory Burt PPS20-0022 | Tom Gorgone PPS20-0044 | Damon Lester PPS20-0068 |
| Kyle Carter PPS20-0023 | Richard Gray PPS20-0045 | Daniel Maglothin PPS20-0069 |
| Michael Conklin PPS20-0024 | Charles Gunning PPS20-0046 | Chad Maier PPS20-0070 |
| Lisa Corbett PPS20-0025 | James Hannah PPS20-0047 | Kenneth Marshall PPS20-0071 |
| Dennis Dahlberg PPS20-0026 | Rufus Harmon PPS20-0048 | Deborah Martin PPS20-0072 |
| Mary Dahlberg PPS20-0027 | James Harvey PPS20-0049 | Michael Martin PPS20-0073 |
| Bert Daniels JR PPS20-0028 | Natalie Hawks PPS20-0050 | Todd Martinson PPS20-0074 |
| Richard Davis PPS20-0029 | Douglas Hays PPS20-0051 | Timothy McGarity PPS20-0075 |
| Anthony Dice PPS20-0497 | Stephen Heitz PPS20-0052 | Diane McKay PPS20-0631 |
| David Dice PPS20-0030 | Wendy Hilgenberg PPS20-0053 | Casey McKee PPS20-0076 |
| Maureen Dice PPS20-0031 | James Hise PPS20-0054 | Michael Meador PPS20-0077 |

Kenny Medlin PPS20-0078
Maria Meier PPS20-0079
Thomas Melte PPS20-0080
Matthew Millhollin PPS20-0081
James Mitchell PPS20-0082
Jason Mitchell PPS20-0675
Alexious Moehring PPS20-0083
Jonathan Moehring PPS20-0084
Jason Moody PPS20-0085
Ronald Moore PPS20-0086
Andrew Myers PPS20-0087
Frederick Myers PPS20-0088
James Myers PPS20-0089
Stephanie Myers PPS20-0090
Christopher New PPS20-0091
Jeremy Nicholas PPS20-0092
Michael Noble PPS20-0093
Greg Noll PPS20-0094
Robert O'Sullivan PPS20-0095
Mike Perry PPS20-0096
Bob Peters PPS20-0097
Devin Pettenger PPS20-0098
Carrie Pfeifer PPS20-0099
Craig Poese PPS20-0159

Bill Powell PPS20-0100
Dee Powell PPS20-0101
Samantha Powell PPS20-0102
Kim Presler PPS20-0103
Marcus Presler PPS20-0104
Mark Rauss PPS20-0105
Terri Richards PPS20-0106
Jorge Rivera PPS20-0107
Sammie Robinson PPS20-0108
Richard Roth PPS20-0109
Edna Russell PPS20-0110
Brenda Schiwitz PPS20-0111
David Schreier PPS20-0678
Michael Siegel PPS20-0214
Joe Sherrod PPS20-0112
Andrew Sitzes PPS20-0113
Laura Skinner PPS20-0114
Thomas Skinner PPS20-0115
Richard Skyles PPS20-0215
Chris Stanton PPS20-0216
William Steck PPS20-0116
Randy Stone PPS20-0117
Sonja Stone PPS20-0118
David Taliaferro PPS20-0119

Michael Taylor PPS20-0120
Robert Torrey PPS20-0121
Lucas Traugott PPS20-0122
Steve Trueblood PPS20-0123
Jonathan Trumpower PPS20-0124
Cory Upchurch PPS20-0637
Jerromy Vanderwaal PPS20-0660
Douglas Washburn PPS20-0639
Ryan Weekley PPS20-0125
Misty Wege PPS20-0126
Andrew Wheeler PPS20-0127
Charles Wheeler PPS20-0646
Pam King-Wheetley PPS20-0007
Roger White PPS20-0641
Andrew Wickliffe PPS20-0128
Norman Wiley PPS20-0129
Gregory Willing PPS20-0130
Conni Wilson PPS20-0131
Jerry Wilson PPS20-0132
Debra Woodhouse PPS20-0133
Stan Yoder PPS20-0134
Greg Zotta PPS20-0135

who are qualified persons to serve process, are not parties and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully submitted,

**DEVAULT LAW, L.C.**

By: /s/ Rick W. DeVault
Rick W. DeVault, MO #65874
3720 NE Troon Drive, Suite 100
Lee's Summit, MO 64064
(816) 350-1600
(816) 350-1602 (fax)
Rick@DeVaultLaw.com

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____    _____
                                                                     Judge or Clerk

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

**DONALD BRIDGEWATER,**

|  |  |
|---|---|
| **PLAINTIFF(S),** | **CASE NO.  2016-CV15686** |
| **VS.** | **DIVISION 12** |

**WALMART STORES EAST I, LP,**

**DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JENNIFER PHILLIPS** on **16-NOV-2020** in **DIVISION 12** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a.   A trial setting;

b.   Expert Witness Disclosure Cutoff Date;

c.   A schedule for the orderly preparation of the case for trial;

d.   Any issues which require input or action by the Court;

e.   The status of settlement negotiations.

Case 4:20-cv-00723-HFS   Document 1-2   Filed 09/10/20   Page 12 of 28

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.


**/S/ JENNIFER PHILLIPS**
JENNIFER PHILLIPS**, Circuit Judge**


Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
RICK W DEVAULT, THE DEVAULT LAW FIRM LC, 3720 NE TROON DRIVE, SUITE100, LEES SUMMIT, MO 64064

Defendant(s):
 WALMART STORES EAST I, LP
JOSH WILLIAMS

Dated:  30-JUL-2020                                    MARY A. MARQUEZ
                                                       Court Administrator

Electronically Filed - Jackson - Independence - July 28, 2020 - 02:17 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| DONALD BRIDGEWATER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | Div. |
| WALMART STORES EAST I, LP | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOSH WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiffs, by and through their attorney of record, and for their Motion for Approval/Appoint of Private Process Server, requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Jamie Andrews PPS20-0009 | Norman Diggs PPS20-0032 | Gerald Hissam PPS20-0055 |
| Sallie Bailey PPS20-0663 | Edwina Ditmore PPS20-0033 | William Hockersmith PPS20-0056 |
| Caleb Battreal PPS20-0010 | Marrissa Doan PPS20-0034 | Alex Holland PPS20-0057 |
| Bernard Beletsky PPS20-0011 | Paul Donovan PPS20-0618 | Thomas Honton PPS20-0623 |
| Carrington Bell PPS20-0012 | Shawn Edwards PPS20-0035 | Mary Hurley PPS20-0058 |
| Thomas Bogue PPS20-0013 | Tonya Elkins PPS20-0036 | Betty Johnson PPS20-0059 |
| Brent Bohnhoff PPS20-0014 | William Ferrell PPS20-0037 | Edward Johnson PPS20-0060 |
| Arthur Boyer PPS20-0015 | Robert Finley PPS20-0335 | James Johnson PPS20-0061 |
| Scott Brady PPS20-0016 | James Frago PPS20-0038 | Etoya Jones PPS20-0062 |
| Gary Brakemeyer PPS20-0017 | John Frago PPS20-0039 | Patrick Jones PPS20-0063 |
| James Bromeier PPS20-0615 | Kenneth Frechette II PPS20-0040 | Thomas Kaltmayer PPS20-0627 |
| Jeff Brown PPS20-0018 | Andrew Garza PPS20-0041 | Derec Kelley PPS20-0064 |
| Hester Bryant PPS20-0019 | Paul Glickert PPS20-0620 | Brent Kirkhart PPS20-0065 |
| Nicholas Bull PPS20-0020 | Bradley Gordon PPS20-0042 | Janice Kirkhart PPS20-0066 |
| Randy Burrow PPS20-0021 | Thomas Gorgen PPS20-0043 | Tyler Kirkhart PPS20-0067 |
| Gory Burt PPS20-0022 | Tom Gorgone PPS20-0044 | Damon Lester PPS20-0068 |
| Kyle Carter PPS20-0023 | Richard Gray PPS20-0045 | Daniel Maglothin PPS20-0069 |
| Michael Conklin PPS20-0024 | Charles Gunning PPS20-0046 | Chad Maier PPS20-0070 |
| Lisa Corbett PPS20-0025 | James Hannah PPS20-0047 | Kenneth Marshall PPS20-0071 |
| Dennis Dahlberg PPS20-0026 | Rufus Harmon PPS20-0048 | Deborah Martin PPS20-0072 |
| Mary Dahlberg PPS20-0027 | James Harvey PPS20-0049 | Michael Martin PPS20-0073 |
| Bert Daniels JR PPS20-0028 | Natalie Hawks PPS20-0050 | Todd Martinson PPS20-0074 |
| Richard Davis PPS20-0029 | Douglas Hays PPS20-0051 | Timothy McGarity PPS20-0075 |
| Anthony Dice PPS20-0497 | Stephen Heitz PPS20-0052 | Diane McKay PPS20-0631 |
| David Dice PPS20-0030 | Wendy Hilgenberg PPS20-0053 | Casey McKee PPS20-0076 |
| Maureen Dice PPS20-0031 | James Hise PPS20-0054 | Michael Meador PPS20-0077 |

Kenny Medlin PPS20-0078
Maria Meier PPS20-0079
Thomas Melte PPS20-0080
Matthew Millhollin PPS20-0081
James Mitchell PPS20-0082
Jason Mitchell PPS20-0675
Alexious Moehring PPS20-0083
Jonathan Moehring PPS20-0084
Jason Moody PPS20-0085
Ronald Moore PPS20-0086
Andrew Myers PPS20-0087
Frederick Myers PPS20-0088
James Myers PPS20-0089
Stephanie Myers PPS20-0090
Christopher New PPS20-0091
Jeremy Nicholas PPS20-0092
Michael Noble PPS20-0093
Greg Noll PPS20-0094
Robert O'Sullivan PPS20-0095
Mike Perry PPS20-0096
Bob Peters PPS20-0097
Devin Pettenger PPS20-0098
Carrie Pfeifer PPS20-0099
Craig Poese PPS20-0159

Bill Powell PPS20-0100
Dee Powell PPS20-0101
Samantha Powell PPS20-0102
Kim Presler PPS20-0103
Marcus Presler PPS20-0104
Mark Rauss PPS20-0105
Terri Richards PPS20-0106
Jorge Rivera PPS20-0107
Sammie Robinson PPS20-0108
Richard Roth PPS20-0109
Edna Russell PPS20-0110
Brenda Schiwitz PPS20-0111
David Schreier PPS20-0678
Michael Siegel PPS20-0214
Joe Sherrod PPS20-0112
Andrew Sitzes PPS20-0113
Laura Skinner PPS20-0114
Thomas Skinner PPS20-0115
Richard Skyles PPS20-0215
Chris Stanton PPS20-0216
William Steck PPS20-0116
Randy Stone PPS20-0117
Sonja Stone PPS20-0118
David Taliaferro PPS20-0119

Michael Taylor PPS20-0120
Robert Torrey PPS20-0121
Lucas Traugott PPS20-0122
Steve Trueblood PPS20-0123
Jonathan Trumpower PPS20-0124
Cory Upchurch PPS20-0637
Jerromy Vanderwaal PPS20-0660
Douglas Washburn PPS20-0639
Ryan Weekley PPS20-0125
Misty Wege PPS20-0126
Andrew Wheeler PPS20-0127
Charles Wheeler PPS20-0646
Pam King-Wheetley PPS20-0007
Roger White PPS20-0641
Andrew Wickliffe PPS20-0128
Norman Wiley PPS20-0129
Gregory Willing PPS20-0130
Conni Wilson PPS20-0131
Jerry Wilson PPS20-0132
Debra Woodhouse PPS20-0133
Stan Yoder PPS20-0134
Greg Zotta PPS20-0135

who are qualified persons to serve process, are not parties and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully submitted,

**DEVAULT LAW, L.C.**

By: /s/ Rick W. DeVault
Rick W. DeVault, MO #65874
3720 NE Troon Drive, Suite 100
Lee's Summit, MO 64064
(816) 350-1600
(816) 350-1602 (fax)
Rick@DeVaultLaw.com

**ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: 30-Jul-2020

*Elizabeth Wolff*

DEPUTY COURT ADMINISTRATOR



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2016-CV15686 |
|---|---|
| Plaintiff/Petitioner:<br>DONALD BRIDGEWATER | Plaintiff's/Petitioner's Attorney/Address<br>RICK W DEVAULT<br>THE DEVAULT LAW FIRM LC<br>3720 NE TROON DRIVE<br>SUITE100<br>LEES SUMMIT, MO 64064 |
| vs. | |
| Defendant/Respondent:<br>WALMART STORES EAST I, LP | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **WALMART STORES EAST I, LP**
 **Alias:**
SRV RA: CT CORPORATION SYSTEMS
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

 You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

30-JUL-2020
_____
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
 Date

_____
Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JACKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-6256** 1 of 1 (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00723-HFS Document 1-2 Filed 09/10/20 Page 16 of 28

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER PHILLIPS | Case Number:  2016-CV15686 |
|---|---|
| Plaintiff/Petitioner:<br>DONALD BRIDGEWATER<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RICK W  DEVAULT<br>THE DEVAULT LAW FIRM LC<br>3720 NE TROON DRIVE<br>SUITE100<br>LEES SUMMIT, MO  64064 |
| Defendant/Respondent:<br>WALMART STORES EAST I, LP | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Pers Injury-Other | INDEPENDENCE, MO  64050<br><br>(Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** JOSH WILLIAMS
   **Alias:**

WALMART STORE # 319
2015 W FOXWOOD DR.
RAYMORE, MO  64083

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   30-JUL-2020
   _____
   Date                                             _____
                                                        Clerk

   Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____               _____
   Printed Name of Sheriff or Server                                   Signature of Sheriff or Server
            **Must be sworn before a notary public if not served by an authorized officer:**

            Subscribed and sworn to before me on _____ (date).

*(Seal)*

            My commission expires: _____
                                             Date                           _____
                                                                                    Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 20-SMCC-6257   1  of 1 (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00723-HFS   Document 1-2   Filed 09/10/20   Page 18 of 28

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

6/2020

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | |
|---|---|
| DONALD BRIDGEWATER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.    2016-CV15686 |
| vs. | ) |
| | ) Div.    12 |
| WALMART STORES EAST I, LP, et al., | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED PETITION FOR DAMAGES

COMES NOW Plaintiff and states as follows for his Petition for Damages against

Defendant:

## COMMON ALLEGATIONS

1.  Plaintiff is an individual and was at all times relevant over the age of eighteen and a

resident of Jackson County, Missouri.

2.  Defendant Walmart Stores East I, LP ("Walmart") is a foreign limited partnership

registered to do business in Missouri and conducting business throughout Jackson County,

Missouri.

3.  Defendant Josh Williams is an individual and was at all times relevant over the age of

eighteen and a Missouri resident.

4.  At all times relevant Defendant Walmart owned and operated a store at 11601 E US

Highway 40, Kansas City, MO 64133 (the "subject premises").

5.  At all times relevant Defendant Williams worked as a manager at the subject Walmart.

Defendant Williams' job responsibilities for Defendant Walmart included inventory management

as well as store safety and security, among other customary duties common to managers in

department and grocery stores.

6. The incident causing Plaintiff's damages occurred on or about August 1, 2017 on the premises of the subject Walmart.

7. On this date, Plaintiff was present on the subject premises as a patron of Defendant Walmart and, thus, an invitee at the time of the incident causing his injuries.

8. On this date, the subject premises had liquid on a public walking area of the store.

9. Plaintiff stepped in the liquid and fell, causing or contributing to cause injury to his right thumb, right elbow, right ankle, and spine.

10. There was no barrier or safety device to prevent customers from encountering the location of the liquid and falling.

11. There were no signs warning customers that the aisle contained the liquid on the public walking area and was a fall hazard.

12. As a direct and proximate result of the aforementioned fall, Plaintiff suffered from and will permanently suffer:

    a. Physical, mental and emotional pain, disability, anguish and suffering;

    b. Loss of enjoyment of life;

    c. He has been required to undergo multiple reasonable and necessary medical treatments;

    d. He has been required to expend monies for medical treatment, care and monitoring;

    e. He will in the future be required to undergo reasonable and necessary medical treatment;

    f. He will in the future be required to expend monies for medical treatment, care and monitoring; and

Electronically Filed - Jackson - Independence - August 09, 2020 - 05:32 PM

g. Increased risk of future medical treatment and expense, complications, disability and other consequences.

13. This Court has personal jurisdiction over the parties because the claims herein arise out of the commission of a tort in the State of Missouri.

14. Venue in the Circuit Court of Jackson County is proper in that the incident occurred and Plaintiff was first injured in Jackson County, Missouri.

**COUNT I**
**PREMISES LIABILITY OF DEFENDANT WALMART**

15. Plaintiff incorporates by reference the allegations set forth above as if fully set out herein.

16. Plaintiff went to the subject Walmart store as a paying customer of the store and was considered an invitee, entitling him to the highest duty of care.

17. If was foreseeable that Plaintiff would walk in the public walking areas of the store and encounter the liquid.

18. The magnitude of risk to Plaintiff was high since the public walking area in which Plaintiff fell did not have a barrier or any other safety device to prevent access, which made the liquid on the walking area dangerous.

19. The benefits of inspection, detection, barricading, warning, and remediation of liquid on the public walking areas of the store, and protecting customers from such hazards are very high in that the prevention of injuries to customers, including Plaintiff, from such hazards is a benefit to individuals located on the premises.

20. The cost and inconvenience of barriers or safety devices is quite low compared to the risk of injury.

21. At the time of Plaintiff's fall, the liquid on the public walking area of the subject premises rendered the walking area slick and insufficiently slip resistant causing a dangerous condition, as a result the premises was not reasonably safe for the public.

22. Defendant Walmart knew or by using ordinary care could have known of the dangerous condition of the liquid on the public walking area of the premises in time to barricade, warn of, or remedy, and protect customers including Plaintiff from such dangerous condition.

23. Defendant Walmart failed to use ordinary care in the following respects:

   a.   Defendant failed to inspect for the dangerous condition;

   b.   Defendant failed to detect the dangerous condition;

   c.   Defendant failed to warn patrons of the dangerous condition;

   d.   Defendant failed to mark or barricade the dangerous condition;

   e.   Defendant failed to remove the dangerous condition;

   f.   Defendant failed to fix and/or remedy the dangerous condition; and

   g.   In such other respects as shall be determined during discovery in this matter.

24. Such failure by Defendant Walmart directly caused or directedly contributed to cause Plaintiff's injuries and damages as described in the Common Allegations of this Petition.

   **WHEREFORE,** Plaintiff seeks judgment in Plaintiff's favor and against Defendant Walmart for compensatory damages in an amount greater than $25,000.00 that will fully and fairly address Plaintiff's injuries and damages, and for interest and costs, and such other and further relief as this Court and jury deem just and proper.

## COUNT II
## NEGLIGENCE OF DEFENDANT WILLIAMS

25. Plaintiff incorporates by reference the allegations set forth above as if fully set out herein.

4

26. Defendant Williams had a duty to safely maintain the subject Walmart store and its products in a reasonably safe manner for store customers, including Plaintiff, and was negligent by his failure to do so.

27. Defendant Williams owed Plaintiff a duty of ordinary care, including but not limited to, keeping the premises reasonably safe for Plaintiff and others.

28. As a manager of the store, Defendant Williams had a duty to recognize and correct unsafe conditions in the store that could potentially cause injury to customers.

29. As a manager of the store, Defendant Williams knew or should have known that liquid on the public walking area of the store could result in a customer falling and being injured.

30. As a manager of the store, Defendant Williams had a duty to train store employees in safe and proper procedures for inspection, detection, barricading, warning, and remediation of liquid on the public walking areas of the premises, and protecting customers from such hazards occurring on the premises.

31. Defendant Williams breached his duty to customers including Plaintiff and failed to use ordinary care in numerous respects, including, but not limited to, the following:

    a.  Failing to properly maintain the public walking areas of the premises, including the area where Plaintiff fell;

    b.  Failing to properly inspect for and detect liquid on the public walking area of the premises, including the liquid that caused Plaintiff's fall;

    c.  Failing to provide any kind of barrier, barricade, or other simple safety device that would protect customers like Plaintiff from encountering the liquid on the public walking area of the premises;

    d.  Failing to provide a warning so that customers such as Plaintiff could avoid the liquid on the public walking area of the premises;

5

e. Failing to recognize and remedy the unsafe condition of having the liquid on a public walking area where customers are expected to walk could become injured by slipping and falling due to the hazard;

f. Failing to take affirmative steps to ensure the liquid on the public walking area of the premises was promptly detected, barricaded, remediated and adequate warning was given to customers including Plaintiff;

g. Failing to ensure the liquid on the public walking area of the premises was remediated before Plaintiff encountered it;

h. Exercising his management responsibilities in a careless and negligent manner and failing to request corporate office to provide sufficient resources for proper inspection, detection, barricading, warning, and remediation of liquid on the public walking areas of the premises, and for protection of customers including Plaintiff;

i. Failing to train store employees about the unsafe condition of having liquid on the public walking areas of the premises without proper inspection, detection, barricading, warning, and remediation of such hazard, and protection of customers, where customers are expected to walk and could become injured by slipping and falling due to such hazard;

j. Failing to barricade the liquid on the public walking area of the premises and provide an alternative walking area for customers to avoid encountering the hazard causing injury to customers;

k. Failing to comply with Walmart' safety policies and procedures for proper inspection, detection, barricading, warning, and remediation of liquid on the public walking areas of the premises, and protection of customers where

customers are expected to walk and could become injured by slipping and falling due to such hazard;

l.   Failing to properly hire, train and supervise employees with regard to proper inspection, detection, barricading, warning, and remediation of liquid on the public walking areas of the premises, and protection of customers, where customers are expected to walk and could become injured by slipping and falling due to such hazard;

m.  Failing to actively examine the premises to determine possible safety hazards and practices that can cause harm to customers;

n.   Failing to warn customers such as Plaintiff of the liquid on the public walking area of the premises and that injury could result; and

o.    Other negligent or careless actions to be supplemented after discovery.

32. Such failure by Defendants directly caused or directedly contributed to cause Plaintiff's injuries and damages as described in the Common Allegations of this Petition.

**WHEREFORE,** Plaintiff seeks judgment in Plaintiff's favor and against Defendant Williams for compensatory damages in an amount greater than $25,000.00 that will fully and fairly address Plaintiff's injuries and damages, and for interest and costs, and such other and further relief as this Court and jury deem just and proper.

<u>**COUNT III**</u>
<u>**NEGLIGENCE OF DEFENDANT WALMART**</u>

33. Plaintiff incorporates by reference the allegations set forth above as if fully set out herein.

34. Defendant Walmart had a duty to safely maintain the subject Walmart store in a reasonably safe manner for store customer, including Plaintiff, and was negligent by its failure to do so.

7

35. Defendant Walmart owed Plaintiff a duty of ordinary care and breached that duty in numerous respects, including, but not limited to:

    a.  Failing to properly maintain the public walking areas of the subject Walmart;

    b.  Failing to prevent the walking surface of the subject premises from becoming slick and insufficiently slip resistant;

    c.  Failing to develop adequate policies and procedures to prevent the walking surface of the subject premises from becoming slick and insufficiently slip resistant;

    d.  Failing to develop adequate policies and procedures to promptly inspect for, detect, barricade, warn of, and remediate liquid on the public walking areas of the subject premises to protect customers and Plaintiff from such hazards;

    e.  Failing to adhere to industry standards for the proper inspecting for, detecting, barricading, warning of, and remediating liquid on the public walking areas of the subject premises to protect customers and Plaintiff from such hazards;

    f.  Failing to comply with recognized safety standards of care for customer safety in the proper inspecting for, detecting, barricading, warning of, and remediating liquid on the public walking areas of the subject premises to protect customers and Plaintiff from such hazards;

    g.  Failing to provide reasonably safe premises;

    h.  Failing to properly hire, train, and supervise Walmart employees, including Defendant Williams, to ensure the public walking surface of the subject premises was not slick and insufficiently slip resistant;

    i.  Failing to properly hire, train, and supervise Walmart employees, including Defendant Williams, to promptly inspect for, detect, barricade, warn of, and

remediate liquid on the public walking areas of the premises to protect customers and Plaintiff from such hazards;

j.  Failing to fulfill their duties to the public and to Plaintiff in other particulars as shall be identified through discovery in this matter.

36. Defendant Walmart breached its duty to exercise reasonable care to secure the safety of Plaintiff through its acts and omissions set forth above.

37. Defendant Walmart's breach of its duties directly caused or directedly contributed to cause Plaintiff's injuries as described in the Common Allegations of this Petition.

**WHEREFORE,** Plaintiff seeks judgment in Plaintiff's favor and against Defendant Walmart for compensatory damages in an amount greater than $25,000.00 that will fully and fairly address Plaintiff's injuries and damages, and for interest and costs, and such other and further relief as this Court and jury deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby requests a jury in this case for all issues triable by a jury.

Respectfully submitted,

**DEVAULT LAW, L.C.**

By: */s/ Rick W. DeVault*
Rick W. DeVault, MO #65874
3720 NE Troon Dr., Suite 100
Lee's Summit, MO 64064
(816) 350-1600
(816) 350-1602 (fax)
Rick@DeVaultLaw.com

**ATTORNEY FOR PLAINTIFF**