# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DONALD BRIDGEWATER, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WAL-MART STORES EAST I, LP, )<br>)<br>and )<br>)<br>JOSH WILLIAMS )<br>)<br>Defendant. ) | Case No. 4:20-cv-00723 |

**DEFENDANT WALMART STORES EAST I, LP'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES; AND DEMAND FOR JURY TRIAL**

Defendant Walmart Stores East I, LP ("Walmart") submits the following Answer to Plaintiff's First Amended Petition for Damages as set forth below. Walmart denies all allegations not specifically admitted below.

1. Walmart is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph numbered 1, and therefore denies the same.

2. Walmart admits the averments in Paragraph numbered 2.

3. In response to Paragraph numbered 3, Walmart admits that Josh Williams is an individual over the age of eighteen. Otherwise, Walmart denies the remaining averments in Paragraph numbered 3.

4. In response to Paragraph numbered 4, Walmart admits it was the operator of the store, otherwise it denies the remaining averments in Paragraph numbered 4.

5. In responses to Paragraph numbered 5, Walmart admits that Defendant Josh Williams worked as a manager at the aforementioned Walmart on the date of Plaintiff's alleged incident. Walmart admits Defendant Williams had those duties required of a store manager. Otherwise,

Walmart denies the remaining averments in Paragraph numbered 5.

6. Walmart is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph numbered 6, and therefore denies the same.

7. In response to Paragraph numbered 7, Walmart admits that Plaintiff reported her fall on August 1, 2017, otherwise is without knowledge or information, and therefore denies the same.

8. Walmart admits the averments in Paragraph numbered 8.

9. Walmart is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph numbered 9, and therefore denies the same.

10. Walmart admits the averments in response to Paragraph numbered 10.

11. Walmart admits the averments in Paragraph numbered 11.

12. In response to Paragraph numbered 12, Walmart denies the averments in Paragraph 12 and each of its subparts.

13. Walmart admits this Court has personal jurisdiction over it. Otherwise, Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph numbered 13, and therefore denies the same.

14. Walmart admits that plaintiff claims he was injured in Jackson County, and the Walmart store is in Jackson County. Otherwise, Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph numbered 14, and therefore denies the same.

## COUNT I – PREMISES LIABILITY
**Walmart**

15. In response to Paragraph numbered 15 of Count I of Plaintiff's First Amended Petition, Walmart incorporates its responses to Paragraphs numbered 1 through and including 14 to Plaintiff's First Amended Petition.

2

Case 4:20-cv-00723-HFS   Document 4   Filed 09/18/20   Page 2 of 7

16. Walmart is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph numbered 16, and therefore denies the same.

17. Walmart is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph numbered 17, and therefore denies the same.

18. In response to Paragraph numbered 18, Walmart denies the averments in Paragraph 18.

19. Walmart is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph numbered 19, and therefore denies the same.

20. Walmart objects to the averments in Paragraph numbered 20 because they are argumentative. Without waiving its objections and subject thereto Walmart states the following. The cost of cones to warn a person of a hazard is minimal. Otherwise, Walmart is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph numbered 20, and therefore denies the same.

21. Walmart is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph numbered 21, and therefore denies the same.

22. In response to Paragraph numbered 22, Walmart denies the averments in Paragraph 22.

23. In response to Paragraph numbered 23, Walmart denies the averments in Paragraph 23, and each of its subparts.

24. In response to Paragraph numbered 24, Walmart denies the averments in Paragraph 24.

WHEREFORE, for the above stated reasons, Defendant Walmart prays for judgment in its favor on Count I of Plaintiff's First Amended Petition, for its costs, and for such other relief as the Court deems just and proper.

## COUNT II – NEGLIGENCE

### Defendant Williams

25. In response to Paragraph numbered 25 of Count II of Plaintiff's First Amended Petition, Walmart incorporates its responses to Paragraphs numbered 1 through and including 24 to Plaintiff's First Amended Petition.

26. In response to Paragraph numbered 26, Walmart admits Defendant Williams had those duties required by law. Otherwise, Walmart denies the remaining averments in Paragraph 26.

27. In response to Paragraph numbered 27, Walmart admits Defendant Williams had those duties required by law. Otherwise, Walmart denies the remaining averments in Paragraph 27.

28. In response to Paragraph numbered 28, Walmart admits Defendant Williams had those duties required by law. Otherwise, Walmart denies the remaining averments in Paragraph 28.

29. Walmart admits the averments in Paragraph numbered 29.

30. In response to Paragraph numbered 30, Walmart denies the averments in Paragraph 30.

31. In response to Paragraph numbered 31, Walmart denies the averments in Paragraph 31, and each of its subparts.

32. In response to Paragraph numbered 32, Walmart denies the averments in Paragraph 32.

WHEREFORE, for the above stated reasons, Defendant Walmart prays for judgment in its favor on Count II of Plaintiff's First Amended Petition, for its costs, and for such other relief as the Court deems just and proper.

## COUNT III – NEGLIGENCE

### Walmart

33. In response to Paragraph numbered 33 of Count III of Plaintiff's First Amended Petition, Walmart incorporates its responses to Paragraphs numbered 1 through and including 32

to Plaintiff's First Amended Petition.

34. In response to Paragraph numbered 34, Walmart admits Walmart had those duties required by law. Otherwise, Walmart denies the remaining averments in Paragraph 34.

35. In response to Paragraph numbered 35, Walmart admits Walmart had those duties required by law. Otherwise, Walmart denies the averments in Paragraph 35, and each of its subparts.

36. In response to Paragraph numbered 36, Walmart denies the averments in Paragraph 36.

37. In response to Paragraph numbered 37, Walmart denies the averments in Paragraph 37.

## **AFFIRMATIVE DEFENSES**

38. Plaintiff's First Amended Petition fails to state a claim against Walmart upon which relief can be granted.

39. The alleged negligent acts of Walmart were not the proximate cause of plaintiff's alleged injuries or damages.

40. Plaintiff has failed to mitigate his damages, with the following respects including but not limited to:

   a. Failing to immediately seek medical attention; and/or

   b. Failing to terminate and/or cease medical treatment after fully recovering from the injuries alleged in Plaintiff's Petition; and/or

   c. Failing to avoid unnecessary medical expenses; and/or

   d. Failing to elect the most economical medical care and/or treatment; and/or

   e. Failing to properly follow medical instructions; and/or

   f. Failing to engage in rehabilitation activities and/or therapy; and/or

   g. Failing to elect medical care and/or treatment that would improve Plaintiff's

condition; and/or

  h. Failing to avoid unnecessary costs and expenses.

41. Plaintiff assumed the risk of the alleged injuries detailed in Plaintiff's First Amended Petition.

42. Plaintiff's claimed injuries and damages were caused by an independent and/or intervening act for which Walmart is not liable.

43. The alleged injuries in Plaintiff's First Amended Petition were the result of sole cause of a third-party and not the result of any act or omission of Walmart.

44. The alleged injuries in Plaintiff's First Amended Petition were the result of Plaintiff's own contributory negligence in whole or in part and Plaintiff is precluded from recovering damages in this matter.

45. If Plaintiff suffered any injury or damage, which Walmart specifically denies, all such injury or damage was directly caused, in whole or in part, by the negligent acts, omissions or fault of plaintiff, and plaintiff is therefore barred from recovery from Walmart or, in the alternative, the amount of any recovery by plaintiff against Walmart must be reduced in proportion to such fault. The negligent acts, omissions or fault of plaintiff include but are not limited to the following:

  a. Failure to keep a careful lookout.

WHEREFORE, for the above stated reasons, Defendant Walmart prays for judgment in its favor on Count II of Plaintiff's First Amended Petition, for its costs, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant Walmart Stores East I, LP, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE LLC

 */s/James R. Jarrow*
James R. Jarrow            MO# 38686
Gregorio V. Silva          MO# 71742
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone 816.471.2121
Facsimile 816.472.0288
Email:    jarrow@bscr-law.com
          gsilva@bscr-law.com

ATTORNEY FOR DEFENDANT
WALMART STORES EAST I, LP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed using the Court's CM/ECF system on this 18th day of September 2020, which will send notification of the same to all counsel of record.

 */s/ James R. Jarrow*